HAHN, Respondent, vs. COOPER, Appellant.

*March 23 — April 11, 1893.*

*Seduction: Loss of services: Imbecile adult daughter: Pleading.*

1. In an action by the father for loss of the services of his adult daughter by reason of her seduction by defendant while she was in the employ of the latter, the complaint alleged that the daughter was an imbecile, and on that account plaintiff had never manumitted her and had always managed her affairs, but that she was capable of performing the ordinary drudgery about the farm; that defendant had engaged her services from plaintiff and accounted for them to him; that after she came home to plaintiff's house she rendered services to him as a domestic; that at all times since she entered defendant's employ she had been subject to the control of plaintiff, and he was entitled to reclaim her services at any and all times; and that by the acts of defendant she was disabled and disqualified from performing services for the plaintiff for many months. *Held,* that the complaint sufficiently alleged that the relation of master and servant existed between plaintiff and his daughter.

2. An imbecile daughter over the age of twenty-one years is to be regarded as a minor, for the loss of whose services by reason of seduction the father may recover, so long as she remains at his home or under his control.

APPEAL from the Circuit Court for *Waukesha* County. The facts are sufficiently stated in the opinion.

*D. J. Hemlock,* for the appellant, cited *Vossel v. Cole,* 10 Mo. 634, 47 Am. Dec. 136; 2 Boone, Code Pl. 407; *Dodd*

Hahn vs. Cooper.

*v. Focht,* 72 Iowa, 579; *McDaniel v. Edwards,* 7 Ired. Law,
408, 47 Am. Dec. 331; Lawson, R., R. & P. secs. 1113, 1123;
*Boyd v. Byrd,* 8 Blackf. 113, 44 Am. Dec. 740; *White v.
Nellis,* 31 N. Y. 405; *Dain v. Wycoff,* 7 id. 191; *Bartley v.
Richtmyer,* 4 id. 38; *Lavery v. Crooke,* 52 Wis. 612; *Nickleson v. Stryker,* 10 Johns. 115; *Martin v. Payne,* 9 id. 387;
*Applegate v. Ruble,* 2 A. K. Marsh. (Ky.), 128; Bishop,
Non-Cont. Law, secs. 375–380.

For the respondent the cause was submitted on the brief
of *Armin & Tichenor.*

ORTON, J. This appeal is from the order of the circuit
court overruling a demurrer to the complaint, based upon
the ground that the complaint does not state a cause of
action. The complaint states, in effect, the following facts:

The plaintiff is the father of Gustie Hahn, now twenty-
four years old, who has been from her childhood a person
of weak mind, whose intellect never developed beyond that
of a child five or six years of age; and for that reason he
has never manumitted her and has always had the manage-
ment of her affairs. In the year 1885 the defendant came
to plaintiff to engage the services of Gustie, his said daugh-
ter, as a domestic, as she was capable of performing the
ordinary drudgery about a farm house; and the defendant
then entered into an agreement with the plaintiff for the
services of his said daughter, and the defendant accounted
to the plaintiff for her services. The plaintiff warned the
defendant that he must watch over said Gustie and see
that no man took advantage of her and debauched her, be-
cause of the weakness of her intellect, and the defendant
assented thereto. Shortly after the said Gustie entered the
employment of the defendant, at divers and sundry times,
thence on to the 9th day of March, 1891, the defendant, tak-
ing advantage of her weak mental condition, ignorance, and
want of judgment and understanding, and by putting her

in fear, seduced her, and carnally knew and had sexual intercourse with her, and begot a child upon her body, to which she gave birth October 5, 1891, and said child is now living.   On the 9th day of March, 1891, the said Gustie returned to her home, the dwelling and home of the plaintiff, and became from thence on an inmate of his family, rendering service as a domestic for the plaintiff.   The said Gustie has been at all times since she entered the employ of the defendant subject to the control of the plaintiff, and he entitled to reclaim her services at any and at all times.   By reason of the pregnancy of the said Gustie, and her lying in and giving birth to said child, she was wholly disabled and disqualified from performing any services for the plaintiff for many months, and he was compelled to expend a large sum of money for her medical attendance and nursing during her said confinement, and, because of her weakness of intellect, she is unable and disqualified from properly caring for said child and giving it proper nurture, without the oversight of a competent person to watch her, and the services of such a person will be required so long as the mother nurses the child.   The defendant was about forty-five years old, and had a wife and children.   Damages $5,000.

The main, if not the exclusive, contention of the learned counsel of the appellant to sustain the demurrer is that the relation of master and servant, as between the plaintiff and his daughter Gustie, over age, is not alleged in the complaint.   The learned counsel is unquestionably correct that such a relation must be averred in such a case to entitle the plaintiff to recover.   The ground of his action is the violation of the plaintiff's right to the services of his daughter, and his recovery must be for the loss of such services.   There is no question about the law of the case.   The learned counsel of the respondent contends that such relation is

sufficiently averred, and such was probably the opinion of
the learned circuit court.   Let us see.  (1) It is averred that
this daughter, Gustie, is an *imbecile*, and the plaintiff has
never manumitted her on that account, and has always
managed her affairs, but "that she was capable of perform-
ing the ordinary drudgery about a farm."   (2) The defend-
ant engaged her services from the plaintiff, and accounted
for them to him.   (3) "After she came home she rendered
services to the plaintiff as a domestic."   (4) "The plaintiff
had the right to *reclaim* her services at any and all times."
(5) "She was disabled and disqualified from performing
services for the plaintiff for many months" by the acts of
the defendant.   (6) Finally, the plaintiff sues the defend-
ant for the loss of her services.   The complaint seems to
abound in allegations of the relation of master and servant
between the plaintiff and this weak-minded daughter.
When the defendant entered into a contract with the plaint-
iff to hire of him her services, and accounted to him for them,
he conceded and admitted the plaintiff's right to her serv-
ices, and that such a relation existed between them, which
he is now estopped to deny.   That the "plaintiff has the
right to *reclaim* the services of his daughter *at any* and *all
times*" is as strong an allegation of the relation of master
and servant between them as could well be made.   The
law treats such a child over the age of twenty-one years as
a minor, because she is incapable of emancipation from im-
becility.   The father must take care of such a child; and
such a child, to the extent of its mental and physical ca-
pacity, owes service to the father like a minor.   17 Am.
& Eng. Ency. of Law, 380; *Lavery v. Crooke*, 52 Wis. 612.
So long as she remains at home or under the control of
the father, he can sue for the loss of her services by means
of seduction or debauchery alike.   *Lipe v. Eisenlerd*, 32
N. Y. 229.   The complaint appears to be an unusually good

pleading in such a case.    The demurrer was properly over-
ruled.

*By the Court.* — The order of the circuit court is affirmed,
and the cause remanded for further proceedings according
to law.